UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
          v.                   )   CRIMINAL ACTION
                               )   NO. 04-1666-CBS
RICARDO GREEN,                 )
          Defendant,           )
_____)
```

**MEMORANDUM OF PROBABLE CAUSE AND ORDER ON**
**THE GOVERNMENT'S MOTION FOR DETENTION**
**March 10, 2004**

**SWARTWOOD, M.J.**

I.  Nature Of The Offense And The Government's Motion

On February 23, 2004, a Criminal Complaint was filed charging Ricardo Green ("Mr. Green") with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On February 24, 2004, Mr. Green was arrested and was brought before me for his initial appearance in this Court in connection with this Complaint. At Mr. Green's initial appearance, I advised him of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§ 3142(f)(1)(A)(crime of violence) and (f)(2)(A) (risk of flight).

On February 26, 2004, a consolidated probable cause/detention hearing was held and at that hearing, Lisa

Rudnicki, Special Agent with the Bureau of Alcohol, Tobacco and Firearms ("ATF"), testified on behalf of the Government and was cross-examined by Mr. Green's counsel.  At the conclusion of Special Agent Rudnicki's testimony and cross-examination, the matter was continued to March 5, 2004 for a further hearing.

On March 5, 2004, at the conclusion of the hearing, counsel for the Government and Mr. Green informed the Court that this case was being submitted to the Court on the issue of probable cause and that Mr. Green had assented to an Order of Detention, but reserved his right to reopen the detention hearing at a later date.

## II.  Findings of Fact

1.   On October 27, 2003, Boston Police Department Detective Roy Frederick and several other Boston Police Detectives were conducting surveillance in the Roxbury section of Boston looking for individuals with outstanding arrest warrants.  Govt. Ex. 1.

2.   At approximately 6:00 p.m., Detective Frederick recognized Mr. Green, who he observed driving a two door Acura in the area of Blue Hill Avenue, in Roxbury.  Detective Frederick knew that Mr. Green was wanted on a warrant from the Dorchester District Court for armed robbery.  Id.

3.   Detective Frederick informed other Boston Police Officers of his sighting of Mr. Green and two other Boston

Police Officers followed Mr. Green until his car came to a stop. Mr. Green started to leave his vehicle, noticing the two Boston Police Officers exiting their vehicle, he immediately returned to his vehicle and was observed by Boston Police Officers reaching to his waist area and extending his right arm towards the rear of his vehicle.  To one of the Boston Police Officers observing Mr. Green's actions, it appeared that Mr. Green had removed something from his waist area and was seeking to place it in the rear area of his automobile.  Id.

    4.   After Mr. Green was taken into custody in connection with an outstanding warrant for his arrest, Boston Police Officers observed a black handgun on the floor of the rear of the vehicle that had been operated by Mr. Green and where one of the Boston Police Officers had seen Mr. Green put something that he had retrieved from his waist area.  Govt. Ex. 3.

    5.   The firearm retrieved in the rear floor of Mr. Green's automobile was a Bryco .380 caliber semiautomatic pistol that was loaded with six rounds.  This firearm and ammunition were not manufactured in Massachusetts and after the firearm was retrieved from Mr. Green's motor vehicle, it was successfully test fired on October 28, 2003.  Govt. Ex. 1.

    6.   On May 12, 1998, Mr. Green received a six month State sentence for possession of a Class B controlled substance; five

years probation for possession with intent to distribute a Class B controlled substance, which probation was subsequently revoked and Mr. Green received a sentence of one year in the House of Correction; a one year sentence for possession of ammunition and the same sentence for possession of a firearm.

### III. Probable Cause

I find that when Mr. Green was arrested on October 27, 2003, on a then outstanding warrant, he had in his possession a firearm and ammunition which had both been manufactured outside of the District of Massachusetts. Additionally, I find that Mr. Green has been previously convicted of several state offenses which would be felonies under Federal law. Therefore, I find probable cause for the offense charged against Mr. Green in this Complaint.

### IV. Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1. That Mr. Green be committed to the custody of the Attorney General, or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    2.    That Mr. Green be afforded a reasonable opportunity for private consultation with counsel; and

    3.    On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Green is detained and confined shall deliver Mr. Green to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).


                                       /s/Charles B. Swartwood, III
                                       CHARLES B. SWARTWOOD, III
                                       MAGISTRATE JUDGE