UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10107-MLW |
| | ) | |
| RICARDO GREEN | ) | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Ricardo Green, respectfully moves this Court sentence him to a term of thirty (30) months' imprisonment with a three-year supervised release to follow.  Such a sentence is consistent with the factors outlined in 18 U.S.C. § 3553(a) and is "sufficient, but not greater than necessary" to effectuate the purposes of the sentencing statute.  Id.

**ARGUMENT**

THIS COURT SHOULD SENTENCE DEFENDANT TO A TERM OF THIRTY (30) MONTHS' IMPRISONMENT BECAUSE DEFENDANT'S DEMONSTRATED COMMITMENT TO TURNING HIS LIFE AROUND, IN SPITE OF ANY SEMBLANCE OF YOUTHFUL GUIDANCE IN HIS FORMATIVE YEARS, SHOWS THAT A SHORTER PERIOD OF INCARCERATION IN CONJUNCTION WITH INTENSIVE SUPERVISION AT THE END OF THE SENTENCE WILL BEST SATISFY THE SENTENCING GOALS IN 18 U.S.C. § 3553(a).

Under the Supreme Court's decision in United States v. Booker, 543 U.S. _____ (2005), the sentencing guidelines no longer are binding on the court.  Instead, the court should look to 18 U.S.C. § 3553(a), and impose a sentence which is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in § 3553(a)(2).  Those purposes are:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Id. In imposing sentence, the Court must consider all of the factors set forth in § 3553(a)(1)-(7). See Booker, 543 U.S. at ___, 2005 LEXIS 628 at *24. While § 3553(a)(4) is the applicable guideline range and § 3553(a)(5) is the Commission's policy statements, these other factors play at least an equal role under the statutory scheme. See United States v. Hughes, 2005 U.S. App. LEXIS 1189 at *10 (4TH Cir. January 24, 2005) (sentencing court must consider relevant factors set forth in § 3553(a), as well as the prescribed guideline range, before imposing a sentence). Defendant thus submits that Booker expands the range of permissible factors well beyond those identified by the sentencing commission and allows a sentencing court greater flexibility in weighing those factors.

    In this case, the advisory guideline sentencing range - undisputed by the parties to be 57-71 months - is countervailed by the substantial indicia in Mr. Green's history and characteristics that he represents vastly reduced risk of

recidivism and risk to the public upon release.  Moreover, this Court can and should consider the sentencing disparity between Mr. Green's potential sentence in federal court and sentences imposed upon similarly charged and situated state court defendants in state court.  Under Booker, these factors now play a part in sentencing regardless of whether they were identified as an encouraged or discouraged factor by the sentencing commission.  See United States v. Ranum, ___ F.Supp. 2d ___, 2005 U.S. Dist LEXIS 1338 at *6-7 (E.D. Wis. January 19, 2005)(Adelman, J.)("Booker is not an invitation to do business as usual;" courts need not follow old departure methodology in imposing sentence outside guideline range).

**1.    The Seriousness of the Offense, Just Punishment, Deterrence and Related Facts.**

Thus, under 18 U.S.C. § 3553(a), the Court must impose a "sentence sufficient, but not greater than necessary . . . to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct . . . to protect the public from further crimes of the defendant; and . . . to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective matter."  Here, a sentence of 30 months' imprisonment

with an intensive period of supervised release is "sufficient, but not greater than necessary" to accomplish those goals.

First, there can be no doubt that a 30-month sentence imposed on a young man who is only 26 years old is no slap on the wrist. Such a sentence would reflect the seriousness of the offense, promote respect for the law, and provide <u>just</u> punishment for the crime. That is particularly true where, as here, the federalization of the crime of possessing a firearm is for the purpose of seeking a higher sentence than that considered sufficient for a similarly situated defendant in state court. <u>See</u> M.G.L. ch. 269 § 10(a) (providing for a sentence of between one year in jail and five years in prison for unlawful carrying of a firearm).

In determining whether a sentence is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense" the Court is entitled to take into account the fact that defendant's possession of the weapon was not in connection with other wrongdoing. The weapon was recovered from the back floor of his automobile, and there is no indication that the weapon had been recently used or was about to be used in connection with an offense. Quite the opposite is true - upon seeing officers approaching him with the obvious intent to arrest him, Mr. Green made no effort to reach for or otherwise defend himself with the weapon.

-4-

For similar reasons, a 30-month sentence is sufficient to afford adequate deterrence to Mr. Green's further criminal conduct and to protect the public from his commission of further crimes.  Prior to his detention on the instant offense, Mr. Green's experience with imprisonment had been limited to DYS commitments and a relatively short period of incarceration at the county jail at age 17.  By contrast, Mr. Green has spent the last year at Wyatt Detention Facility in a maximum security setting, and once sentenced by this Court will serve a substantial sentence in the Bureau of Prisons.  The conditions he has already experienced, and those he will confront, are of a degree previously unknown to him and will provide the deterrence necessary to prevent him from committing future crimes.  That deterrence value will be especially acute during his period of supervised release, where he will face incarceration of up to 36 months' imprisonment should he return to his previous associations and behavior.

**2.   The Guideline Sentencing Range**

Defendant does not dispute the factual underpinnings of the guideline sentencing range of 57-71 months determined by the probation department.  See PSR ¶ 101.  The offense level is established by defendant's prior convictions along with a two-level enhancement because the gun contained a partially obliterated serial number.  See PSR ¶¶ 21-22.  Defendant submits,

however, that considered in light of the § 3553 goals and factors the offense level, and specifically the obliterated serial number enhancement portion of the offense level, overstates Mr. Green's culpability as to the offense.[1]  A sentence of 30 months more accurately and reasonably captures Mr. Green's culpability.

Although case law has interpreted "altered" and "obliterated" as used in the guideline broadly, see, e.g., United States v. Adams, 305 F.3d 30 (1st Cir. 2002)  ("altered" requires only a change that makes a serial number appreciably more difficult to discern), such a reading is inconsistent with § 3553's requirement that the sentence reflect the seriousness of the offense where, as here, the serial number continued to be visible even after the alteration.[2]  Moreover, although the Sentencing Commission has determined that the enhancement for an obliterated serial number "applies whether or not the defendant knew or had reason to believe" that the serial number was obliterated, see U.S.S.G. § 2K2.1, comment. (n.19), that policy statement has little relevance to § 3553(a)'s goal of providing

---

[1]The partially obliterated serial number was not charged as a sentencing factor in the indictment, nor did defendant admit or deny the obliterated serial number at the Rule 11 hearing.

[2]Although the PSR reports that the serial number was altered to the degree that made it impossible to trace its origins, see PSR ¶ 14, it appears that the serial number was recovered by the Boston Police.  See Boston Police Ballistician's Report, attached hereto as Exhibit A.  Without this enhancement, the advisory guideline sentencing range would have been 46-57 months.

just punishment for the offense where, as here, there is no indication that the defendant obtained or kept the firearm because of this aspect of the gun was desirable.

In these

### 3.     The History and Characteristics of the Defendant

Pursuant to 18 U.S.C. § 3553, the Court, "in determining the particular sentence to be imposed, shall consider . . . the history and characteristics of the defendant."  Consideration of Mr. Green's formative years, in conjunction with his recent demonstrated efforts to turn his life around by extracting himself from the street life in which he was raised, militates that a 30-month sentence is reasonable and appropriate.

Mr. Green is a 26 year-old African-American man who was born and raised primarily in Roxbury.  His parents were never married, and he was the only child of the union.  Mr. Green was one of four children fathered by Ricardo Greene, Sr.; Mr. Green never lived with any of his half-siblings and has not even met one of them.

As noted in the PSR at ¶¶ 51-55, Mr. Green's childhood was extremely chaotic.  Neither parent provided any significant emotional support or nurturing during his upbringing.  His mother was drug-addicted and, as a result, Mr. Green was "bounced around" between extended family throughout his childhood.  Mr. Green had little supervision or exposure to discipline.

Not surprisingly, this lack of emotional (or any other) support during his formative years led to encounters with the Departments of Social Services and Youth Services.  As a result, Mr. Green quickly found himself in the merry-go-round of life on the streets, DSS placements, and DYS commitments.  Indeed, what little support existed was negative; part of his adolescence was spent selling drugs for his father, who also aided and abetted Mr. Green's lack of cooperation with DYS.  This lack of support during these critical years resulted in survival behaviors - including weapons possession - that were wrong but normalized by his peers and close family.  Without guidance from responsible adults, Mr. Green was left unprepared to fight the prevailing wisdom of the streets that mandated gang-involvement and associated behaviors.

Despite the lack of tools to disassociate himself from this urban lifestyle, Mr. Green had, at the time of his arrest on the instant matter, consciously begun pulling away from street life.  The birth of his daughter, Kiara, has had a significant impact on his behavior and his long-term view of his life.  See PSR ¶¶ 60-62.  Both he and his daughter's mother, Jacqueline Osario, envision a fresh start where the family would move away from the destructive influences that have resulted in Mr. Green's regular involvement with law enforcement.  Id.

In 1992, the sentencing commission, without explanatory comment, determined that "lack of guidance as a youth" was not a relevant consideration for departure.  U.S.S.G. § 5H1.12; U.S.S.G. Appx. C, vol. I, amendment 466 (noting only that "This amendment provides that the facts specified [in § 5H1.12] are not appropriate grounds for departure").  In imposing sentence in a post-Booker world, however, the Court must consider the Commission's policy statements as but one coequal factor of all of the factors set forth in § 3553(a)(1)-(7).  See United States v. Hughes, 2005 U.S. App. LEXIS 1189 at *10 (4TH Cir. January 24, 2005) (sentencing court must consider relevant factors set forth in § 3553(a), as well as the prescribed guideline range, before imposing a sentence).  As a result, this Court can, and indeed must, consider factors that have long been considered relevant to sentencing notwithstanding the Sentencing Commission's identification of the factor as irrelevant.  See United States v. Jones, 2005 U.S. Dist. LEXIS 833 (D. Me. January 21, 2005)(although guideline departure not warranted, variance from sentencing range necessary to effectuate efficient delivery of medical care factor in 18 U.S.C. § 3553(a)).

**4.    Provision of Rehabilitative Services and Sentences Available**

Given his demonstrated desire to change his life in spite of his difficult upbringing, the defendant would have seemed an

ideal candidate for re-designation to the Shock Incarceration Program (a/k/a Intensive Confinement Center).  See U.S.S.G. § 5F1.7; Bureau of Prisons Program Statement § 5390.08 (ICC provides highly-structured program for self-development for those who have not had stable employment/education/family history). This program is available to defendant's whose sentences are 60 months or less, a sentence in Mr. Green's case that is within the advisory guideline range.  Id.  Successful completion of the program provides benefits such as lower security, longer community corrections placement, and early release.  The Bureau of Prisons, however, terminated the program on January 14, 2005. Consequently, the Bureau of Prisons no longer has rehabilitative programs designed to address the issues raised by Mr. Green's chaotic childhood and efforts to disassociate from his former life on the streets.

Defendant submits that, pursuant to 18 U.S.C. § 3553(a)(2)(D), this Court can fashion a sentence that includes a component of intensive supervision to ensure Mr. Green is provided with rehabilitative services.  The Court should include as conditions, for example, that Mr. Green (1) disavow gang membership, (2) avoid former associations and areas of the city, (3) enroll in vocational training, and (4) contribute to his daughter's financial support.  In light of the absence of such a needed program to address Mr. Green's social history, a sentence

of 30 months with this level of supervision in lieu of a longer sentence is appropriate.

## **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, this court should sentence the defendant to him to a term of thirty (30) months' imprisonment with three years supervised release to follow with the condition that defendant seek and participate in parenting classes and psychological counseling as directed by the Probation Department.

RICARDO GREEN
By his attorney,


/s/Timothy Watkins


Timothy Watkins
  B.B.O. #567992
Federal Defender Office
408 Atlantic Ave., Third Floor
Boston, MA  02110
Tel: 617-223-8061